IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNARD CARTER JERRY-EL,

    Petitioner,

v.

JAMEY LUTHER and BEAVER
COUNTY DISTRICT ATTORNEY'S
OFFICE,

    Respondents.

Misc. No. 16-404
Civil No. 82-2357

**MEMORANDUM OPINION**

Conti, Chief District Judge.

## I. Introduction

Pending before the court are objections (ECF Nos. 15, 18) filed pro se by Bernard Carter Jerry-El ("Jerry-El") to the Report and Recommendation ("R&R") of the magistrate judge dated March 31, 2017 (ECF No. 14). In the R&R, the magistrate judge recommended that Jerry-El's amended Rule 60(b)(6) motion (ECF No. 7) be treated as a successive § 2254 habeas corpus petition and be dismissed for lack of jurisdiction. On August 11, 2017, the magistrate judge granted Jerry-El's motion to amend/correct his original objections to the R&R and to construe that filing as additional objections. The Beaver County District Attorney's Office ("Respondents") filed a response in opposition to Jerry-El's original Rule 60 motion (ECF No. 12), but has not responded to Jerry-El's objections to the R&R. The matter is now ripe for disposition.[1]

---

[1] The court considered the decision in *Gribble v. Folino*, No. 09-2091, 2017 WL 3727107 (E.D. Pa. Aug. 30, 2017), submitted by Jerry-El in a letter dated October 26, 2017. *Gribble* is nonbinding and distinguishable. The limited exception excusing procedural default of

## II. Factual and Procedural Background

The entire factual and procedural history is tortuous and will not be recounted in full. On February 13, 1977, at approximately 3:00 p.m., Ed Bulat, the assistant manager of the Food City Supermarket in Aliquippa, PA, was shot to death. Janet Mencher ("Mencher"), a cashier, testified that she saw two African-American males run through her checkout counter, and that Jerry-El turned and shot Bulat as he went to confront them. Mencher also testified that she had seen Jerry-El and a woman at the supermarket that morning; that Jerry-El was wearing a gun at the time; and that she saw the same woman outside the store about twenty minutes after the shooting. Mencher described Jerry-El as wearing a green leather waistcoat, and identified a coat taken from Jerry-El's locker in the jail as the coat worn by the shooter. Three other eyewitnesses identified Gary Robinson ("Robinson") as Jerry-El's companion in the store. Shortly thereafter, another witness was involved in a hit and run automobile accident. The witness stated that the driver was wearing a green jacket and identified Robinson as a passenger in the car. About 3:45 p.m., an Aliquippa police officer stopped a car driven by LeRoy Hines ("Hines"), which met the description of the car in the hit and run accident. In the car, he observed a person wearing a green jacket. When Hines gave false names of the passengers and they had no identification, they were taken into custody. Further investigation showed that the car involved in the hit and run accident belonged to Jerry-El's housemate and was taken without permission.

Jerry-El and Robinson were jointly tried. The defense strategy was to admit involvement in the hit and run accident and argue that they were running away from the accident, not the shooting. The jury found Jerry-El guilty of first degree murder and Robinson guilty of second

---

ineffective assistance of counsel claims does not apply to Jerry-El because he chose to represent himself in the initial collateral proceeding and he exhaustively raised his claims of ineffective assistance of counsel.

degree murder. Jerry-El was also convicted of robbery, reckless endangerment, aggravated and simple assault and criminal conspiracy. He was acquitted of receiving stolen property and unauthorized use of a car. Numerous courts have found that the evidence was sufficient to support the convictions. Jerry-El was sentenced to life plus fifteen to thirty years.

There have been numerous post-conviction proceedings. In his direct appeal, the Pennsylvania Supreme Court held that all his contentions were "without merit." *Commonwealth v. Jerry-El*, 401 A.2d 310 (Pa. 1979). The Pennsylvania Supreme Court remanded for the sole purpose of considering an allegation of ineffective assistance of trial counsel, which could not be addressed because trial counsel also represented Jerry-El on direct appeal. *Id*.

The state trial court held hearings on the alleged ineffective assistance of trial counsel on November 9, 1979 and January 8, 1980. The same trial judge who presided over the trial also presided over the hearings. Jerry-El chose to represent himself, but the state trial court provided stand-by counsel. Jerry-El asserted eighteen grounds of ineffective assistance of trial counsel. In an opinion dated February 22, 1980, the court held that trial counsel had been effective; had a reasonable basis for all his actions at trial; and preserved and presented to the Pennsylvania Supreme Court all issues that should have been reviewed. (ECF No. 1-4). The court commented: "Having observed this defendant in court and listened to his outrageous statements, we have concluded that he would say anything to get a new trial. Moreover, it is clear that it is his intention to raise as many issues as possible in the hope that some court will think that because his complaints are so numerous some of them must be valid." *Id*. at 11. The Pennsylvania Supreme Court affirmed Jerry-El's sentence. *Commonweath v. Jerry*, 441 A.2d 1210 (Pa. 1982) (per curiam).

In 1982, Jerry-El filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 and asserted thirty-four separate grounds for relief. Review was prolonged. On May 15, 1986, the magistrate judge issued a 57-page report and recommendation which concluded that the petition should be dismissed. (ECF No. 15-2). The magistrate judge commented that each issue Jerry-El presented was carefully considered; the court carefully read the transcripts of the state court proceedings; and there was only one constitutional violation and it was harmless.[2] The magistrate judge stated: "he has received a thorough review of his conviction in these proceedings and if he continues to file successive petitions, dismissal should be considered as an abuse of the writ pursuant to Rule 9(b) of the Rules Governing Section 2254 cases in the United States District Courts." *Id*. at 57. Jerry-El raised objections to that report and recommendation. The district court dismissed Jerry-El's objections and adopted the report and recommendation as its opinion. The Third Circuit Court of Appeals denied a certificate of appealability.

In 1988, Jerry-El filed a petition under the Pennsylvania Post Conviction Hearing Act ("PCHA"), 42 Pa. Cons. Stat. §§ 9541-9546. The state trial court denied the petition and the Pennsylvania Superior Court affirmed in an opinion dated October 5, 1990. (ECF No. 1-4, 1-5). The superior court commented that it "found no evidence of ineffectiveness of counsel at the trial level." *Id*.

On December 7, 2005, Jerry-El filed a motion pursuant to Rule 60(b)(3). It was denied by the district court and Jerry-El appealed. On July 21, 2006, the Third Circuit Court of Appeals denied a certificate of appealability and stated: "In this case, the district court properly

---

[2] Under questioning from Robinson's attorney, a police officer testified that Robinson told him that Jerry-El drove the car involved in the hit and run. This testimony was in violation of *Bruton v. United States*, 391 U.S. 123 (1968) (the prosecution cannot introduce statements of non-testifying co-defendants in a joint trial), but was harmless because both defendants admitted their involvement in the hit and run. *See* ECF No. 15-2 at 21-22.

4

concluded that appellant's Rule 60(b)(3) motion was an improper attempt to relitigate issues that the district court already had decided and that appellant already had sought to appeal. Appellant's motion thus constitutes a second or successive petition for a writ of habeas corpus." (ECF No. 1-1, Docket of Case No. 82-2357). The court of appeals explained that Jerry-El was required to first obtain an order from the Third Circuit Court of Appeals authorizing the district court to consider his petition. *Id*.

Undeterred, Jerry-El filed another Rule 60(b)(3) motion on October 27, 2011. The motion was denied by the district court and the Third Circuit Court of Appeals denied a certificate of appealability. The district court denied Jerry-El's motion for reconsideration and the Third Circuit Court of Appeals again denied a certificate of appealability.

In 2015 and 2016, Jerry-El filed other Rule 60 motions and various supplements and amendments thereto. Beginning in April 2016, all filings in this case were docketed at Misc. No. 16-404. On August 3, 2016, in an effort to streamline the docket, the court denied all pending motions without prejudice and instructed Jerry-El to file one document setting forth all his claims for relief. (ECF No. 6). Jerry-El then filed the pending amended Rule 60(b)(6) motion. (ECF No. 7).

The magistrate judge recognized in the March 31, 2017 R&R that Jerry-El styled his motion as a "true Rule 60(b) motion," but concluded that it must be treated as a successive § 2254 habeas corpus petition. The magistrate judge reasoned that Jerry-El had a full opportunity to litigate his ineffective assistance of trial counsel claim in the state court and failed to show new evidence or make "even a tenuous showing of actual innocence." (ECF No. 14 at 5). The magistrate judge recommended that the motion be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

## III. Legal Analysis

This court conducts a de novo review of the challenged portions of a magistrate judge's report and recommendation. As recently explained in *Hinton v. Mark*, No. 3:10-CV-305, 2017 WL 4342204, at *2 (W.D. Pa. Sept. 29, 2017):

> When objections are filed to a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Raddatz*, 447 U.S. 667, 674-75 (1980) (explaining the standard for a district court's review of a magistrate judge's report and recommendation). The district court may accept, reject or modify—in whole or in part—the magistrate judge's findings or recommendations. § 636(b)(1)(C). Although the standard of review is de novo, § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 676; *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984) (noting the discretion district courts have in their use of magistrate judges' reports).

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established strict procedural and substantive requirements which govern "second or successive" habeas petitions. The relevant part of the AEDPA provides:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005), the Supreme Court explained that §2244 imposes three requirements for "second or successive applications": (1) claims that <u>have</u> been previously adjudicated must be dismissed; (2) claims that <u>have not</u> been previously adjudicated must be dismissed unless they rely on a new, retroactive rule of constitutional law or facts showing a "high probability of actual innocence"; and (3) before the district court may accept a successive petition, the <u>court of appeals</u> must determine that it satisfies the second requirement.

Jerry-El attempts to skirt these requirements by labeling his motion as one for relief under Federal Rule of Civil Procedure 60(b)(6).[3] In *Gonzalez*, the Supreme Court held that kind of label is insufficient. Instead, courts must examine the substance of the relief sought in the motion. *Id.* at 531. Using Rule 60(b) to present new claims for relief conflicts with the limits enacted in the AEDPA. *Id.* at 532. In particular, use of Rule 60(b) impermissibly circumvents the requirement that successive habeas petitions be precertified by the court of appeals. *Id*.

Determining whether a Rule 60(b) motion advances a "claim" is "relatively simple." *Id*. A motion advances a "claim" if it (1) seeks to add a new ground for relief; or (2) attacks the federal court's previous resolution of a claim on the merits. *Id.* A Rule 60(b) motion would not advance a "claim" if it merely attacks a defect in the integrity of the federal habeas proceeding, such as a denial for failure to exhaust, procedural defect or statute of limitations. *Id*. & n. 5.

---

[3] Specifically, Jerry-El argues that this is a "true" Rule 60(b) motion because it is a continuation of the original habeas petition he filed in 1982. In *Gonzalez*, the Supreme Court emphasized that Rule 60(b) motions must be made within a reasonable time. *Id*. at 535. Jerry-El's instant motion, some thirty-five years later, is not reasonably timely filed.

7

In this case, Jerry-El seeks to add new grounds for relief and attacks the previous denial of claims on the merits. He advances numerous new arguments in support of his asserted "actual innocence"[4] and he attempts to relitigate the denial of his claims of ineffective assistance of counsel. In substance, his Rule 60 motion presents a "claim." It must be construed, therefore, as a successive habeas petition. Under the clear rules set forth in *Gonzalez* and § 2244, this court lacks jurisdiction to consider Jerry-El's motion without precertification from the court of appeals.

**IV. Conclusion**

In accordance with the foregoing analysis, the objections (ECF Nos. 15, 18) filed pro se by Jerry-El will be DENIED. The Report and Recommendation ("R&R") of the magistrate judge dated March 31, 2017 (ECF No. 14) will be affirmed and adopted as the opinion of the court, as supplemented herein. Jerry-El's amended Rule 60(b)(6) motion (ECF No. 7) will be treated as a successive § 2254 habeas corpus petition and will be DISMISSED for lack of jurisdiction. Because reasonable jurists could not conclude that a basis for relief exists, a certificate of appealability will be denied. An appropriate order follows.

November 21, 2017                  /s/ Joy Flowers Conti
                                                   Joy Flowers Conti
                                                   Chief United States District Judge

---

[4] Jerry-El does not seriously contest that he was present in the store that day or dispute his robbery conviction. At best, he suggests that Robinson may have been the actual shooter. Even if true, Jerry-El would not be entitled to relief because he would be facing a life sentence for second degree murder. *See Pirela v. Horn*, No. 14-1938, 2017 WL 4176224, at *11 (3d Cir. Sept. 21, 2017) (rejecting ineffective assistance of trial counsel claim for lack of prejudice because even if the defendant was convicted of second degree murder instead of first degree murder, he would still face a mandatory sentence of life imprisonment under Pennsylvania law).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNARD CARTER JERRY-EL<br><br>v.<br><br>JAMEY LUTHER, et al. | Misc. No. 16-404<br>Civil No. 82-2357 |

## ORDER

AND NOW, this 21st day of November 2017, for the reasons set forth in the accompanying opinion, IT IS HEREBY ORDERED that the Report and Recommendation of the magistrate judge dated March 31, 2017 (ECF No. 14) is adopted as the opinion of the court, as supplemented in the accompanying memorandum opinion. The objections to the Report and Recommendation filed by Bernard Carter Jerry-El (ECF Nos. 15, 18) are DENIED. Jerry-El's amended Rule 60(b)(6) motion (ECF No. 7) is treated as a successive § 2254 habeas corpus petition and is DISMISSED for lack of jurisdiction. Because reasonable jurists could not conclude that a basis for relief exists, a certificate of appealability is denied.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge