## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNARD CARTER JERRY-EL,<br><br>       Petitioner,<br><br>       v.<br><br>JAMEY LUTHER and BEAVER<br>COUNTY DISTRICT ATTORNEY'S<br>OFFICE,<br><br>       Respondents. | Misc. No. 16-404 |

## MEMORANDUM OPINION

On July 19, 2023, the court issued an opinion and order which: (1) construed a motion for Rule 60(b) relief filed pro se by Bernard Carter Jerry-El ("Jerry-El") (Misc. No. 16-404, ECF No. 25), as a successive § 2254 habeas corpus petition; and (2) dismissed it for lack of jurisdiction.

On July 31, 2023, Jerry-El filed a notice of appeal (ECF No. 30). On August 1, 2023, Jerry-El filed "Petitioner's Objections to the District Court's Dismissal of Petitioner's Rule 60(b)(2) Motion Entered July 19, 2023" (ECF No. 29). This court concluded that the filing of a notice of appeal deprived this court of jurisdiction to rule on Jerry-El's objections.[1]

On October 18, 2023, the Third Circuit Court of Appeals stayed the appeal because it appeared that a timely post-decision motion was pending in this court (ECF No. 33). This court, therefore, will decide Jerry-El's objections (ECF No. 29), which the court construes as a motion for reconsideration.

---

[1] The notice of appeal was mailed by Jerry-El the day prior to his objections, and the objections stated that a Notice of Appeal had been filed. (ECF No. 29 at 2).

Factual and Procedural Background

The procedural history is tortuous. On May 8, 2023, Jerry-El filed his motion for Rule 60(b) relief at Civil Action No. 3:21-71, a case challenging his conditions of confinement. On May 22, 2023, the magistrate judge assigned to that case reviewed the motion and determined Jerry-El was seeking to vacate this court's opinion and order dated November 21, 2017, entered in the instant case (Misc. No. 16-404, ECF No. 20). The magistrate judge ordered that a duplicate copy of the motion be filed at this case (Misc. No. 16-404) for consideration by this member of the court.

Jerry-El stated that his Rule 60(b) motion was the product of the denial of his 18th petition for relief in the state court, which he describes  (ECF No. 25 at 3-4). For the convenience of the parties and the court of appeals, the court will again reiterate the background as set forth in its November 21, 2017 opinion:

> On February 13, 1977, at approximately 3:00 p.m., Ed Bulat, the assistant manager of the Food City Supermarket in Aliquippa, PA, was shot to death. Janet Mencher ("Mencher"), a cashier, testified that she saw two African-American males run through her checkout counter, and that Jerry-El turned and shot Bulat as he went to confront him. Mencher also testified that she had seen Jerry-El and a woman at the supermarket that morning; that Jerry-El was wearing a gun at the time; and that she saw the same woman outside the store about twenty minutes after the shooting. Mencher described Jerry-El as wearing a green leather waistcoat, and identified a coat taken from Jerry-El's locker in the jail as the coat worn by the shooter. Three other eyewitnesses identified Gary Robinson ("Robinson") as Jerry-El's companion in the store. Shortly thereafter, another witness was involved in a hit and run automobile accident. The witness stated that the driver was wearing a green jacket and identified Robinson as a passenger in the car. About 3:45 p.m., an Aliquippa police officer stopped a car driven by LeRoy Hines ("Hines"), which met the description of the car in the hit and run accident. In the car, he observed a person wearing a green jacket. When Hines gave false names of the passengers and they had no identification, they were taken into custody. Further investigation showed that the car involved in the hit and run accident belonged to Jerry-El's housemate and was taken without permission.
>
> Jerry-El and Robinson were jointly tried. The defense strategy was to admit involvement in the hit and run accident and argue that they were running away from the accident, not the shooting. The jury found Jerry-El guilty of first degree murder and Robinson guilty of second degree murder. Jerry-El was also convicted of robbery, reckless endangerment, aggravated and simple assault and criminal

conspiracy.  He was acquitted of receiving stolen property and unauthorized use of a car.  Numerous courts have found that the evidence was sufficient to support the convictions.  Jerry-El was sentenced to life plus fifteen to thirty years.

There have been numerous post-conviction proceedings.  In his direct appeal, the Pennsylvania Supreme Court held that all his contentions were "without merit." *Commonwealth v. Jerry-El*, 401 A.2d 310 (Pa. 1979).  The Pennsylvania Supreme Court remanded for the sole purpose of considering an allegation of ineffective assistance of trial counsel, which could not be addressed because trial counsel also represented Jerry-El on direct appeal.  *Id*.

The state trial court held hearings on the alleged ineffective assistance of trial counsel on November 9, 1979 and January 8, 1980.  The same trial judge who presided over the trial also presided over the hearings. Jerry-El chose to represent himself, but the state trial court provided stand-by counsel.  Jerry-El asserted eighteen grounds of ineffective assistance of trial counsel.  In an opinion dated February 22, 1980, the court held that trial counsel had been effective; had a reasonable basis for all his actions at trial; and preserved and presented to the Pennsylvania Supreme Court all issues that should have been reviewed.  (ECF No. 1-4).  The court commented:  "Having observed this defendant in court and listened to his outrageous statements, we have concluded that he would say anything to get a new trial.  Moreover, it is clear that it is his intention to raise as many issues as possible in the hope that some court will think that because his complaints are so numerous some of them must be valid."  *Id*. at 11.  The Pennsylvania Supreme Court affirmed Jerry-El's sentence.  *Commonweath v. Jerry*, 441 A.2d 1210 (Pa. 1982) (per curiam).

 In 1982, Jerry-El filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 and asserted thirty-four separate grounds for relief.  Review was prolonged.  On May 15, 1986, the magistrate judge issued a 57-page report and recommendation which concluded that the petition should be dismissed. (ECF No. 15-2).  The magistrate judge commented that each issue Jerry-El presented was carefully considered; the court carefully read the transcripts of the state court proceedings; and there was only one constitutional violation and it was harmless.[2]  The magistrate judge stated:  "he has received a thorough review of his conviction in these proceedings and if he continues to file successive petitions, dismissal should be considered as an abuse of the writ pursuant to Rule 9(b) of the Rules Governing Section 2254 cases in the United States District Courts."  *Id*. at 57.  Jerry-El raised objections to that report and recommendation. The district court dismissed Jerry-El's objections and adopted the report and recommendation as its opinion.  The Third Circuit Court of Appeals denied a certificate of appealability.

In 1988, Jerry-El filed a petition under the Pennsylvania Post Conviction Hearing Act ("PCHA"), 42 Pa. Cons. Stat. §§ 9541-9546.  The state trial court

---

[2] Under questioning from Robinson's attorney, a police officer testified that Robinson told him that Jerry-El drove the car involved in the hit and run.  This testimony was in violation of *Bruton v. United States*, 391 U.S. 123 (1968) (the prosecution cannot introduce statements of non-testifying co-defendants in a joint trial), but was harmless because both defendants admitted their involvement in the hit and run.  *See* ECF No. 15-2 at 21-22.

denied the petition and the Pennsylvania Superior Court affirmed in an opinion dated October 5, 1990. (ECF No. 1-4, 1-5). The superior court commented that it "found no evidence of ineffectiveness of counsel at the trial level." *Id.*

On December 7, 2005, Jerry-El filed a motion pursuant to Rule 60(b)(3). It was denied by the district court and Jerry-El appealed. On July 21, 2006, the Third Circuit Court of Appeals denied a certificate of appealability and stated: "In this case, the district court properly concluded that appellant's Rule 60(b)(3) motion was an improper attempt to relitigate issues that the district court already had decided and that appellant already had sought to appeal. Appellant's motion thus constitutes a second or successive petition for a writ of habeas corpus." (ECF No. 1-1, Docket of Case No. 82-2357). The court of appeals explained that Jerry-El was required to first obtain an order from the Third Circuit Court of Appeals authorizing the district court to consider his petition. *Id.*

Undeterred, Jerry-El filed another Rule 60(b)(3) motion on October 27, 2011. The motion was denied by the district court and the Third Circuit Court of Appeals denied a certificate of appealability. The district court denied Jerry-El's motion for reconsideration and the Third Circuit Court of Appeals again denied a certificate of appealability.

In 2015 and 2016, Jerry-El filed other Rule 60 motions and various supplements and amendments thereto. Beginning in April 2016, all filings in this case were docketed at Misc. No. 16-404. On August 3, 2016, in an effort to streamline the docket, the court denied all pending motions without prejudice and instructed Jerry-El to file one document setting forth all his claims for relief. (ECF No. 6). Jerry-El then filed the [ ] amended Rule 60(b)(6) motion. (ECF No. 7).

The magistrate judge recognized in the March 31, 2017 R&R that Jerry-El styled his motion as a "true Rule 60(b) motion," but concluded that it must be treated as a successive § 2254 habeas corpus petition. The magistrate judge reasoned that Jerry-El had a full opportunity to litigate his ineffective assistance of trial counsel claim in the state court and failed to show new evidence or make "even a tenuous showing of actual innocence." (ECF No. 14 at 5). The magistrate judge recommended that the motion be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

This court conducted a de novo review of the challenged portions of the magistrate judge's report and recommendation and concluded, as explained in the November 17, 2017 opinion, that Jerry-El could not skirt the limits on second or successive habeas petitions by labeling his motion as one for relief under Federal Rule of Civil Procedure 60(b)(6). In particular, the court explained that use of Rule 60(b) impermissibly circumvents the requirement that successive habeas petitions be precertified by the court of appeals. *Id.*

4

Jerry-El appealed this court's opinion and order of November 21, 2017. On June 20, 2018, the Third Circuit Court of Appeals denied Jerry-El's request for a certificate of appealability. The court of appeals explained that because his Rule 60(b) motion presented new habeas claims and attacked this court's denial of his petition under 28 U.S.C. § 2254 on the merits, "it was, regardless of its label, an unauthorized second or successive § 2254 petition that the District Court lacked jurisdiction to consider." (ECF No. 24).

There was no activity on the docket of this case in the five years since the Third Circuit Court of Appeals' denial of the certificate of appealability, until the magistrate judge directed the filing of the Rule 60(b)(2) motion in this case. Notably, there is no evidence in the record that the court of appeals precertified Jerry-El to pursue this motion.

The court deciphered Jerry-El's argument in the Rule 60(b) motion as follows:

> As best the court understands Jerry-El's argument, he is asserting that at his initial-review collateral proceeding, he did not knowingly waive his right to PCHA counsel because the state court judge did not properly explain the risks of proceeding pro se. *Id.* The gravamen of Jerry-El's argument is that because he was not made fully aware of the dangers of representing himself in his initial PCHA proceeding, he did not have a valid PCHA hearing.

(ECF No. 27 at 6). As explained in the opinion, the court concluded that Jerry-El's Rule 60(b) motion (filed more than 40 years after the initial PCHA hearing) was another unauthorized attempt by Jerry-El to evade the limits on second and successive habeas petitions. The court concluded it lacks jurisdiction to consider Jerry-El's motion without precertification from the court of appeals. Jerry-El's Notice of Appeal and objections followed.

Standard of Review

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d

Cir. 1999).  A motion for reconsideration must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or fact or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should not be used to ask a district court to rethink a decision it has already rightly or wrongly made. *Williams v. Pittsburgh*, 32 F. Supp.2d 236, 238 (W.D. Pa. 1998).  Motions for reconsideration should not be used to relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995).  *See generally United States ex rel. Emanuele v. Medicor Assocs*., No. CV 10-245, 2017 WL 3675921, at *1 (W.D. Pa. Aug. 25, 2017).

Discussion

In Jerry-El's objections, he argues that this court erred in construing the basis for his motion.  He states:  "it is clear that initial PCHA counsel was ineffective for failing to object to the court's incomplete colloquy."  (ECF No. 29 at 1).  He explains that he did not argue about the denial of his claims, "but rather a procedural error in the former District Court's defective opinion."  *Id.*  He requests that his Rule 60(b) motion be allowed to proceed "limited to the question whether or not Petitioner waived his right to effective assistance of counsel at his initial PCHA proceeding."  (ECF No. 29 at 2).

The court addressed Jerry-El's argument in a footnote in its July 19, 2023 opinion and explained that he is not entitled to habeas relief based on the alleged lack of effective assistance of PCRA counsel.  The court noted:

> The court in [*Gribble v. Folino*, No. 09-2091, 2017 WL 3727107 (E.D. Pa. Aug. 30, 2017),] explained that *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012), recognized a "narrow exception" to the rule that attorney errors in a post-conviction proceeding do not establish cause to excuse a procedural default; namely, where state law requires ineffective assistance of trial counsel claims to be raised in an initial review collateral proceeding (like Pennsylvania) a petitioner may overcome a procedural default if appointed counsel in the initial-review collateral proceeding was also ineffective. *Gribble*, 2017 WL 3727107 at *1. The court emphasized that the underlying claim must demonstrate the ineffectiveness of <u>trial</u> counsel. *Id.* There is no federal constitutional right to counsel during a PCRA proceeding. *Smith v. Harry*, No. 1:19-CV-362, 2023 WL 2316188, at *5 (M.D. Pa. Mar. 1, 2023) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals.").

(ECF No. 27 at 5 n.2). The court explained that in his motion, Jerry-El was attempting to relitigate the denial of his claims of ineffective assistance of counsel by pointing to a new claim that he unknowingly waived his right to counsel at the PCHA hearing. *Id.* at 7. Because Jerry-El is attempting to present a "claim," his motion must be construed as a successive habeas petition, over which the court lacks jurisdiction (absent precertification by the court of appeals.)

Jerry-El did not identify any errors in the court's analysis. The court adheres to its decision, as set forth in the July 19, 2023 opinion and order.

<u>Conclusion</u>

In accordance with the foregoing analysis, Jerry-El's objections to the court's July 19, 2023 opinion and order (ECF No. 29) will be treated as a motion for reconsideration and will be DENIED. Because reasonable jurists could not conclude that a basis for relief exists, a certificate of appealability will be denied. An appropriate order follows.

November 1, 2023            /s/ Joy Flowers Conti
                                            Joy Flowers Conti
                                            Senior United States District Judge