IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| BERNARD CARTER JERRY-EL, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> JAMEY LUTHER, BEAVER COUNTY ) <br> DISTRICT ATTORNEY'S OFFICE, ) <br> ) <br> Respondents. ) | Civil Action No. 2:16-mc-00404 <br><br> United States Magistrate Judge <br> Christopher B. Brown |

# MEMORANDUM OPINION[1]

**Christopher B. Brown, United States Magistrate Judge**

Pending is the Amended Motion for Rule 60(b)(4) Relief, filed by Petitioner, Bernard Carter Jerry-El, ECF No. 51. For the reasons that follow, the motion will be denied.

## I. Relevant Background

Petitioner Bernard Carter Jerry-El ("Petitioner") is a state prisoner convicted following a jury trial of First Degree Murder, Robbery, Reckless Endangerment of Another Person, Simple Assault, and Conspiracy to Commit Felony Murder in the Court of Common Pleas of Beaver County, Pennsylvania, at Nos. 196 and 197 of 1977. ECF No. 15-2. On April 12, 1978, he was sentenced to life in prison on the First Degree Murder conviction, with consecutive prison terms of 10 – 20 years on the Robbery conviction, and 5 to 10 years on the Criminal Conspiracy conviction.

---

[1] All parties have consented to full jurisdiction before a United States Magistrate Judge, including entry of a final judgment, under 28 U.S.C. § 636(c). See ECF Nos. 42 and 49.

1

*Id*.  The judgment of sentence was affirmed by the Pennsylvania Supreme Court on March 10, 1982, ECF No. 3, ¶ 3, and the Supreme Court of the United States denied certiorari on October 4, 1982.  *Id.*, ¶ 4.

The state and federal procedural history of the case is convoluted and lengthy.  Petitioner has filed numerous petitions for post-conviction relief in both state and federal courts.  He filed his first writ of habeas corpus in this Court on November 5, 1982.  *See* ECF No. 1-1, Docket No. 1.  On May 15, 1986, United States Magistrate Judge Ila Jeanne Sensenich issued a comprehensive 57-page report and recommendation recommending the petition be dismissed, which was adopted by the District Court as its opinion on June 17, 1986.  *See* ECF No. 15-2; ECF No. 1-1, Docket No. 35.  A certificate of appealability was denied by the Court of Appeals for the Third Circuit on November 6, 1986.  ECF No. 1-1, Docket No. 41, and the United States Supreme Court denied certiorari on May 6, 1987.  *Id*.

Since having been denied federal habeas relief in 1986, Petitioner filed at least four habeas petitions in this Court, each of which was deemed to be successive and dismissed for lack of jurisdiction and certificates of appealability were denied in each.  *See* ECF No. 14 at 2.  Petitioner has also filed a flurry of additional filings, most of which were classified as motions for relief under Federal Rule of Civil Procedure 60(b).  These too have been treated as successive habeas petitions and denied by this Court and certificates of appealability were denied by the Court of Appeals.  *Id*.

Petitioner filed the current motion was on June 20, 2025, ECF No. 51. Respondents filed a brief in opposition, ECF No. 55, to which Petitioner filed a Traverse, ECF No. 63, and a Supplement to the Traverse, ECF No. 64. The matter is fully briefed and ripe for disposition.

II.     Analysis

Rule 60(b)(4) "authorizes the court to relieve a party from a final judgment if the judgment is void." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (cleaned up). The list of infirmities rendering a judgment void "is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* A Rule 60(b)(4) motion is not a substitute for a timely appeal and a judgment is not void "simply because it is or may have been erroneous." *Id.* at 271. "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* The instant motion is premised on Petitioner "challenging the 1982-86 former District Court's integrity and judgment." ECF No. 51 at 1. Petitioner appears to assert the delay is warranted because "[t]his is the first time Petitioner allowed a prison paralegal to review and assist Petitioner in researching and filing this motion. *Id.* Respondents argue Petitioner's motion is (1) untimely; (2) should be denied on the basis that the judgment of the district is valid; and (3) a thinly-veiled successive habeas petition. ECF No. 55.

3

The Court begins (and ends) its analysis with timeliness. A nearly unanimous Supreme Court of the United States recently clarified that "[l]itigants seeking relief under Rule 60(b)(4) must comply with Rule 60(c)(1) and file a motion within a reasonable time." *Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC*, 607 U.S. ---, No. 24-808, 2026 WL 135998, at *4 (U.S. Jan. 20, 2026). In so holding, the Supreme Court noted that it "cannot divine any principle requiring courts to keep their doors perpetually open to allegations of voidness." *Id.* at *3.

While Rule 60(c) does not define what constitutes a "reasonable time," the Court of Appeals for the Third Circuit has held that Rule 60(b) motions were not filed within a reasonable time which were submitted: almost two years after a judgment, *Moolenarr v. Govt. of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir.1987); two and one-half years after a judgment, *Martinez–McBean v. Govt. of Virgin Islands*, 562 F.2d 908, 913 (3d Cir. 1977); and, almost five years after a judgment, *Mikkilineni v. Gibson–Thomas Engineering Co., Inc.*, 379 F. App'x 256, 259 (3d Cir. 2010). The motion in this case was submitted forty (40) years after the initial judgment was entered and a certificate of appealability was denied. To repeat, forty. Put politely, waiting more than forty (40) years to seek relief is not acting within a reasonable time. Thus, the motion must be denied as untimely.

Further, even if the motion was timely, Petitioner has not demonstrated that this Court's denial of habeas relief denied him of his due process rights. Petitioner contends because two of his claims in the original petition were not exhausted, the

4

District Court should have dismissed his habeas petition for failing to exhaust state court remedies. And that his due process rights were violated because the District Court never provided him with notice that he could return to state court to exhaust the unexhausted claims or he could proceed in federal court only on the exhausted claim. ECF No. 51 at 5. What Petitioner fails to appreciate, however, is that the claims in his original petition were all dismissed on the merits; there were no claims dismissed based on his failure to comply with the exhaustion doctrine. *See* ECF No. 15-2. Moreover, the two claims Petitioner argues were unexhausted (a *Bruton* claim and a witness tainted identification claim) were exhausted as they were "clearly presented to the Supreme Court of Pennsylvania[.]" *See id.*, at 19-25. In turn, the 1986 Report and Recommendation addressed on the merits each of the 34 claims Petitioner raised in his original habeas petition. *See id.* ("Each issue petitioner has presented has been carefully presented."). The motion will be denied for this additional reason.

    An appropriate Order follows.

    DATED this 3rd day of March, 2026.

                                BY THE COURT:

                                s/Christopher B. Brown
                                Christopher B. Brown
                                United States Magistrate Judge